# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RUDY L. SALAZAR,

    Plaintiff,

vs.                                                                           No. 18-cv-186 JCH/KK

NEW MEXICO DEPARTMENT OF CORRECTIONS, *et al*,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

    Before the Court is Rudy's Salazar's *Pro Se* Prisoner Civil Rights Complaint (Doc. 1-1). Salazar alleges that prison officials were deliberately indifferent to his medical needs in violation of the Eighth Amendment and 42 U.S.C. § 1983. Defendant Corizon Medical removed the Complaint from New Mexico's First Judicial District Court. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court will dismiss the Complaint but grant leave to amend.

## **BACKGROUND**[1]

    This case arises from Salazar's issues with a prosthetic leg. The New Mexico Department of Corrections (NMDC) took custody of Salazar in 2012. (Doc. 1-1 at 6). He was initially placed in segregation without crutches, even though he is an amputee. *Id.* On August 26, 2012, Salazar was transferred to the Southern New Mexico Correctional Facility (SNMCF). *Id.* He stayed at SNMCF for five months without receiving a prosthetic leg. *Id.* It appears he was using crutches during that time, but it is non entirely clear. On January 11, 2013, Salazar finally received a temporary prosthetic. *Id.* However, within six weeks, he needed a new socket. *Id.* Prison officials

---

[1] The background facts are taken from Salazar's complaint (Doc. 1-1). For the limited purpose of this ruling, the Court assumes his allegations are true.

took him to Hanger Prosthetics & Orthotics (Hanger Prosthetics) in Las Cruces, New Mexico sometime in 2013, but Salazar did not immediately receive a new socket. *Id.* In July of 2013, Salazar was transferred to the Petitionary of New Mexico (PNM). *Id.* Salazar visited PNM medical officials, who stated the new socket was "approved and ordered." *Id.* When he still did not receive a new socket, he contacted counsel.[2] *Id.* Thereafter, PNM officials "did do all [they could] to get the new socket," which arrived in March 2014. *Id.*

The Court discerns that in January 2016, Salazar experienced additional issues with his leg, and/or was ready for a permanent prosthetic. (Doc. 1-1 at 6). Prison officials took him to Hanger Prosthetics in February 2016, where he had a fitting. *Id.* However, prison officials did not retrieve the new prosthetic leg for five months, despite three calls from Hanger Prosthetics. *Id.* By then, Salazar's physical leg had changed size, which required a brand-new socket. *Id.*

Based on these occurrences, the Complaint raises claims for deliberate indifference to medical care in violation of the Eighth Amendment and negligence. (Doc. 1-1 at 7). Salazar seeks $800,00 in damages from three Defendants: NMDC, Corizon Medical, and Boswell-Romero Medical, also known as Centurian Medical (Centurian). *Id.* at 5, 8. Corizon removed the case to Federal Court, paid the $400 filing fee, and the matter is ready for initial review.

## STANDARD OF REVIEW

The Court has discretion to dismiss a complaint filed by a prisoner at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A. The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently

---

[2] While it appears counsel may have contacted prison officials on Salazar's behalf, they did not assist with this civil rights action. Salazar is proceeding *pro se*.

2

obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Further, *pro se* plaintiffs should ordinarily be given the opportunity to cure defects in the original complaint, unless amendment would be futile. *Id.* at 1109.

**DISCUSSION**

Salazar primarily proceeds under 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct

3

and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

The Complaint here fails to name a "person" acting under color of state law. It is well settled that the "New Mexico Department of Corrections is not a 'person' subject to suit under § 1983." *See Blackburn v. Department of Corrections*, 172 F.3d 62 (10th Cir. 1999). Corizon and Centurian can be liable under § 1983, but only if their official policy or custom caused the deprivation of constitutional rights. *See Hinton v. City of Elwood, Kan*., 997 F.2d 774, 782 (10th Cir. 1993) (A private corporation performing a government function can be held liable under § 1983 only where a plaintiff shows "1) the existence of a ... policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged."). Salazar has not explained how any particular policy promulgated by Corizon or Centurian caused the alleged deprivation of medical care.

Further, even if Salazar named Defendants subject to liability, the allegations do not rise to the level of a federal constitutional violation. "A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Wilson v. Falk*, 877 F.3d 1204, 1209 (10th Cir. 2017) (quotations omitted). "The substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001) (quotations omitted). To establish the subjective prong of the test, the defendant must be "both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The alleged harm here stems from the delay in receiving a properly-fitted prosthetic leg.

However, a delay in medical care "only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm." *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001) (quotations omitted). Salazar has not alleged that any serious harm stemmed from the delay in receiving his prosthetic leg. It appears that, aside from his initial 2012 stay in a segregation cell, Salazar used crutches while waiting for his new leg. While this may have been uncomfortable, the Tenth Circuit has held that "mere discomfort or temporary adverse conditions which pose no risk to health or safety do not implicate the Eighth Amendment." *Whitington v. Ortiz*, 307 Fed. App'x. 179, 187 (10th Cir. 2009). *See also DeSpain v. Uphoff*, 264 F.3d 965, 973 (10th Cir. 2001) ("a prisoner must show that conditions were more than uncomfortable, and instead … pos[ed] a substantial risk of serious harm to inmate health or safety"). Further, even if Salazar could satisfy the objective harm requirement, he has not alleged any particular person was aware of his medical problems.

For these reasons, Salazar's Complaint fails to state a cognizable constitutional claim. Because there are no allegations showing an injury, the Complaint also fails to state a claim for negligence. *See Zamora v. St. Vincent Hosp.*, 335 P.3d 1243, 1249 (N.M. 2014) ("A [New Mexico] negligence claim requires that the plaintiff establish four elements: (1) defendant's duty to the plaintiff, (2) breach of that duty, typically based on a reasonable standard of care, (3) injury to the plaintiff, and (4) the breach of duty as cause of the injury."). The Court will dismiss the Complaint under 28 U.S.C. § 1915A. The Tenth Circuit counsels that "if it is at all possible that [the *pro se* inmate] can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). Accordingly, Salazar may file an amended complaint within thirty (30) days of entry of this Order. If he declines

to amend or files an amended complaint that similarly fails to state a claim, the Court may dismiss the case without further notice.

**IT IS ORDERED** that the Complaint (**Doc. 1-1**) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A, and Salazar may file an amended complaint within thirty (30) days of entry of this order.

_____
UNITED STATES DISTRICT JUDGE