**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

RUDY L. SALAZAR,

    Plaintiff,

vs.                                                                         No. 18-cv-186 JCH/KK

NEW MEXICO DEPARTMENT OF CORRECTIONS, *et al*,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court following Rudy Salazar's failure to amend his Civil Rights Complaint (Docs. 1-1, 1-2). Salazar is incarcerated and proceeding *pro se.* He filed the original Complaint in New Mexico's First Judicial District Court, and it was subsequently removed to Federal Court. The Complaint alleged prison officials repeatedly delayed the fitting of Salazar's prosthetic leg. (Doc. 1-1 at 6). Between 2012 and 2013, Salazar waited five months to obtain a temporary prosthetic leg. *Id.* Thereafter, it took over a year to obtain a new socket. *Id.* When Salazar was finally fitted for a permanent new prosthetic leg in February 2016, his physical leg had changed size, which required a brand-new socket. *Id*. Based on these delays, the Complaint raised claims for deliberate indifference to medical needs under 42 U.S.C. § 1983 and medical negligence. Salazar named three Defendants: New Mexico Department of Corrections, Corizon Medical, and Boswell-Romero Medical, also known as Centurian Medical (Centurian). *Id.* at 5, 8.

By a Memorandum Opinion and Order entered February 11, 2020, the Court dismissed the Complaint for failure to state a cognizable claim. (Doc. 17). The "New Mexico Department of Corrections is not a 'person' subject to suit under § 1983." *See Blackburn v. Department of Corrections*, 172 F.3d 62 (10th Cir. 1999). The Complaint also failed to allege the deprivation of

medical care resulted from a specific policy by Corizon or Centurian. *See Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993) (A private corporation performing a government function can be held liable under § 1983 only where a plaintiff shows "1) the existence of a ... policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged."). Further, even if the Complaint named a person subject to suit, the allegations did not demonstrate "the delay [in receiving a permanent prosthetic] resulted in substantial harm," or that any particular person was aware of Salazar's medical problems. *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001). As to the negligence claim, there were no allegations that using crutches or a temporary prosthetic leg caused an injury. *See Zamora v. St. Vincent Hosp.*, 335 P.3d 1243, 1249 (N.M. 2014) ("A [New Mexico] negligence claim requires that the plaintiff establish … injury to the plaintiff").

Consistent with *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991), Plaintiff was given thirty days (*i.e.,* until March 11, 2020) to amend his complaint. The Court advised that if he failed to timely file an amended complaint, the case would be dismissed without further notice. Plaintiff did not file an amended complaint or otherwise respond to the Memorandum Opinion and Order. This action will therefore be dismissed with prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim on which relief may be granted.

**IT IS ORDERED** that Rudy's Salazar's prisoner civil rights action (Docs. 1-1, 1-2) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A for failure to state a claim on which relief may granted; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE